# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                              Case No. 11-20344

v.                                          Hon. Gerald E. Rosen

ERIC LAMAR WOODLEY,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO REMOVE FALSE STATEMENTS FROM HIS PRESENTENCE REPORT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          January 31, 2017

PRESENT:    Honorable Gerald E. Rosen
                   United States District Judge

In the present motion, Defendant Eric Lamar Woodley asks that various allegedly false statements be removed from his presentence report. Although Defendant fails to identify any legal basis for the Court to award this relief, the Court is authorized under Fed. R. Crim. P. 36 to correct "clerical error[s]" in the record, as well as errors in the record "arising from oversight or omission."

Despite this limited authority, the Court readily concludes that it cannot order the corrections sought in Defendant's present motion. As the Sixth Circuit

has explained, a "clerical error" within the meaning of Rule 36 "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Coleman,* No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000) (internal quotation marks and citation omitted). Moreover, "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004).

None of the purported errors identified in Defendant's motion qualify for correction under Rule 36. Rather, each of these claims of error would have to be addressed through a factual inquiry that would entail weighing the statements in Defendant's presentence report against the allegations made in Defendant's present motion. This would far exceed the circumscribed authority granted under Rule 36. Nor is there any pending proceeding in this case that would warrant the re-examination of Defendant's presentence report.

Finally, to the extent that Defendant seems to suggest that the alleged errors in his presentence report are affecting the manner in which he must serve his sentence, the federal Bureau of Prisons ("BOP") "has been granted full and broad discretion to classify prisoners," and this Court "has no authority to direct the BOP

2

in classification of its prisoners at the request of an inmate." *United States v.*

*Sake,* No. 1:03-CR-201-01, 2007 WL 1594683, at *1 (W.D. Mich. June 1, 2007).

Instead, "[a]n inmate's challenge to the manner in which a sentence is executed,

rather than the validity of the sentence itself, may only be brought under [28

U.S.C.] § 2241." *Coleman,* 2000 WL 1182460, at *2.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion

requesting the removal of false statements from his presentence report (docket

#15) is DENIED.

s/Gerald E. Rosen
United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135